WINSTON & STRAWN LLP
Jason S. Aschenbrand (JA 6741)
200 Park Avenue
New York, New York  10166-4193
Telephone:      (212) 294-6700
Facsimile:       (212) 294-4700

Jeffrey S. Bosley (application for *pro hac vice* pending)
Krista M. Enns (application for *pro hac vice* pending)
101 California Street, Suite 3900
San Francisco, CA  94111-5894
Telephone:      (415) 591-1000
Facsimile:       (415) 591-1400

Attorneys for Respondent/Cross-Petitioner
SIRIUS SATELLITE RADIO INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In the Matter of the Arbitration between                    :
                                                            :
DAVID C. HAMILTON                                           :   04-CV-08394 (JGK)(RLE)
                                                            :
                      Petitioner/Cross-Respondent,          :   **SIRIUS SATELLITE RADIO,**
                                                            :   **INC.'S MEMORANDUM OF**
           -against-                                        :   **POINTS AND AUTHORITIES**
                                                            :   **IN OPPOSITION TO HAMILTON'S**
SIRIUS SATELLITE RADIO INC.                                 :   **PETITION TO VACATE AND IN**
                                                            :   **SUPPORT OF ITS PETITION TO**
                      Respondent/Cross-Petitioner.          :   **CONFIRM THE ARBITRATION**
                                                            :   **AWARD**
                                                            :
------------------------------------------------------------X

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................1
II. FACTS ........................................................................................................................1
III. ARGUMENT ...............................................................................................................4
    A. Because Hamilton's Petition is Nothing More Than a Motion for Reconsideration, it Must be Denied. ..........................................................4
    B. Because Hamilton's Manifest Disregard of the Law Argument is not Based on the Facts Found by the Arbitrator, his Petition Must be Denied. ............................5
    C. Because Hamilton Cannot Prove the Arbitrator Exhibited Manifest Disregard of the Law, his Petition Must be Denied. ..................................................6
        1. Contrary to Hamilton's assertion, the "governing" law is not well-defined in favor of his interpretation and therefore the petition must be denied. ....................................................................................8
        2. Because the Arbitrator's decision does not "strain credulity" and has more than a "colorable basis," the petition must be denied. ..................11
IV. CONCLUSION ..........................................................................................................13

SIRIUS SATELLITE RADIO INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HAMILTON'S PETITION TO VACATE AND IN SUPPORT OF ITS PETITION TO CONFIRM THE ARBITRATION AWARD

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*British Ins. Co. of Cayman v. Water Street Ins. Co., Ltd.*,
  93 F. Supp. 2d 506 (S.D.N.Y. 2000) .................................................................. 12

*Connors v. Chrysler Fin. Corp.*,
  160 F.3d 971 (3d Cir. 1998) ................................................................................ 12

*DiRussa v. Dean Witter Reynolds Inc.*,
  121 F.3d 818 (2d Cir. 1997) .................................................................................. 7

*Dittman v. Ireco, Inc.*,
  883 F. Supp. 807 (N.D.N.Y. 1995) ................................................................ 10, 11

*Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*,
  333 F.3d 383 (2d Cir. 2003) .................................................................................. 7

*Equal Employment Opportunity Commission v. Chicago Hospitals*,
  276 F.3d (7th Cir. 2002) ....................................................................................... 8

*Four Star Fin. Servs., L.L.C. v. Commonwealth Mgmt. Assocs.*,
  166 F. Supp. 2d 805 (S.D.N.Y. 2001) ................................................................... 6

*GMS Group, LLC v. Benderson*,
  326 F.3d 75 (2d Cir. 2003) ................................................................................ 7, 8

*Hebert v. The Mohawk Rubber Company*,
  872 F.2d 1104 (1st Cir. 1989) ............................................................................... 9

*In re Arbitration Between Space Systems/Loral, Inc. and Yuzhnoye Design Office*,
  164 F. Supp. 2d 397 (S.D.N.Y. 2001) ................................................................... 6

*In re Arbitration of Cragwood Mgrs., L.L.C.*,
  132 F. Supp. 2d 285 (S.D.N.Y. 2001) ................................................................. 12

*Lopez v. S.B. Thomas, Inc.*,
  831 F.2d 1184 (2d Cir. 1987) ............................................................................. 10

*Mullins v. Pfizer, Inc.*,
  828 F. Supp. 139 (D. Conn. 1993),
  *rev'd on other grounds*, 23 F.3d 663 (2d Cir. 1994) ............................................ 9

SIRIUS SATELLITE RADIO INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HAMILTON'S PETITION TO VACATE AND IN SUPPORT OF ITS PETITION TO CONFIRM THE ARBITRATION AWARD

ii

*Quick & Reilly, Inc. v. Jacobson*,
   126 F.R.D. 24 (S.D.N.Y. 1989) .......................................................................................... 5

*Vega v. Kodak Caribbean, Ltd.*,
   3 F.3d 476 (1st Cir. 1993) ................................................................................................ 10

*Wall Street Associates, L.P. v. Becker Paribas Inc.*,
   27 F.3d 845 (2d Cir. 1994) ............................................................................................ 1, 4

*Wallace v. Buttar*,
   378 F.3d 182 (2d Cir. 2004) ..................................................................................... 4, 7, 11

*Wedbush Morgan Secs., Inc. v. Robert W. Baird & Co.*
   320 F. Supp. 2d 123 (S.D.N.Y. 2004) ..................................................................... 1, 4, 6, 7

*Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*,
   304 F.3d 200 (2d Cir. 2002) ................................................................................... 1, 4, 5, 8

SIRIUS SATELLITE RADIO INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HAMILTON'S PETITION TO VACATE AND IN SUPPORT OF ITS PETITION TO CONFIRM THE ARBITRATION AWARD

iii

## I.   INTRODUCTION

At issue in this case is an arbitration award ("Award") that granted summary judgment in favor of Sirius Satellite Radio Inc. ("Sirius") on David C. Hamilton's ("Hamilton's") claim that he was constructively discharged for taking leave under the Family and Medical Leave Act ("FMLA"). This matter is before the Court on the parties' cross petitions: Hamilton petitions the Court to vacate the Award and Sirius petitions that the Award be confirmed and enforced.[1]

Under the Federal Arbitration Act, there is a "strong presumption in favor of enforcing arbitration awards." *Wall Street Associates, L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 849 (2d Cir. 1994). Therefore, an award "must be confirmed if there is any basis for upholding the decision and if there is even a barely colorable justification for the outcome reached." *Wedbush Morgan Secs., Inc. v. Robert W. Baird & Co.*, 320 F. Supp. 2d 123, 127 (S.D.N.Y. 2004). Here, this low threshold is more than satisfied. Because the Arbitrator's decision is well-reasoned and supported by both the law and the facts, Hamilton's petition must be denied and the Award confirmed.

## II.   FACTS[2]

Sirius provides commercial-free digital radio programming "through a satellite network developed, engineered, constructed and operated" by it and its partners. (Award at 4). In

---

[1] The Award also granted summary judgment in favor of Hamilton on Sirius' cross-claim seeking the return of nearly three-months' salary paid to Hamilton as severance. (Award at 19). Neither party challenges this portion of the Award.

[2] Because an arbitrator's factual findings "are not subject to judicial challenge, particularly on [the] limited review of whether the arbitrator manifestly disregarded the law," *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 214 (2d Cir. 2002), all facts cited herein are taken from the Award.

SIRIUS SATELLITE RADIO INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HAMILTON'S PETITION TO VACATE AND IN SUPPORT OF ITS PETITION TO CONFIRM THE ARBITRATION AWARD

1

approximately 1998, Sirius began to build a "terrestrial network" to "enhance the quality of service provided by its satellite network." (*Id.*).[3]

Three Sirius employees were integral to the build-out of the terrestrial network: Mark Gaudino, Andrew Patterson and Hamilton. (Award at 4). Mr. Gaudino was hired by Sirius as a Vice President in November 1998 and he was "responsible for, among other things, designing and implementing [Sirius'] terrestrial network." (*Id.*). Mr. Patterson was recruited in or about January 1999 to be Sirius' "Director of Terrestrial Network Implementation" and his responsibilities included "activities concerning the implementation and 'future build-out of the Terrestrial Repeater Network.'" (*Id.*). Hamilton was recruited by Messrs. Gaudino and Patterson and joined Sirius in or about April 1999. (*Id.*). His title was "Manager, Terrestrial Network" and he reported to Mr. Patterson. (*Id.*). Hamilton "testified that when he was hired by [Sirius] he 'expected' to be employed 'till the completion of the terrestrial network' and then 'hoped to move into the marketing or content side of the [company].'" (*Id.* at 4-5 (second brackets in original)).

In or about May 2001, Hamilton advised Sirius that he needed to take a leave of absence pursuant to the FMLA "in order to care for his wife and their newborn daughter." (Award at 5).[4] Sirius granted his request for leave, and Hamilton did not work during June, July or August 2001. (*Id.*). At his deposition, Hamilton admitted that at or about the time he returned from leave, Sirius

---

[3]   The terrestrial network "is comprised of a land-based repeater system, which includes the use of antennas, transmitters and receiver equipment." (Award at 4).

[4]   For the purposes of its summary judgment motion, Sirius assumed Hamilton was entitled to FMLA leave. (MSJ at 5 n. 4). Sirius reserved the right to challenge Hamilton's taking of leave on the basis that the medical certification provided by Hamilton regarding his wife's alleged medical condition did not entitle him to FMLA leave. The parties agreed that this issue would not be a ground for the motion, as further, but limited, discovery likely would be needed on this issue.

SIRIUS SATELLITE RADIO INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HAMILTON'S PETITION TO VACATE AND IN SUPPORT OF ITS PETITION TO CONFIRM THE ARBITRATION AWARD

2

presented him with four choices: "1) resign immediately and be paid severance through the end of November 2001; 2) remain employed by [Sirius] while looking for a job with another company and receive severance through the end of November 2001, if he found a job and resigned before then; 3) remain employed by [Sirius] until his position was eliminated, most likely by the end of the year; or 4) remain employed by [Sirius] and look for another position within the company." (*Id.* at 16). Ultimately, Hamilton "evaluated his choices and made the choice that was best for him, *i.e.*, resignation and severance so that he could devote himself to looking for a job with another company." (*Id.*).[5] The Arbitrator found that in making this choice, Hamilton "made a bargain" with Sirius: "severance pay in return for his resignation." (*Id.* at 18).

In his September 2001 resignation letter, Hamilton thanked his supervisors, Gaudino and Patterson, "for all the opportunities [they had] afforded [him] over the past 2-1/2 years," and wrote "I feel I have been able to grow both on a personal and professional level since I started at Sirius Satellite Radio, which is due mostly to the responsibilities you have given me and the trust you have showed me." (*Id.* at 16 (quoting Hamilton Depo., Exh. 1)).

Nearly nine months later, on June 3, 2002, Hamilton initiated this proceeding against Sirius with the American Arbitration Association. (Award at 1). In his Statement of Claim, Hamilton alleged Sirius "had constructively discharged [him] in violation of the Family and Medical Leave Act of 1993 ("the FMLA")." (*Id.* at 1-2). On or about May 19, 2004, Sirius moved for summary judgment as to Hamilton's constructive discharge claim. (*Id.* at 2). After all of the briefs and

---

[5]   In fact, the Arbitrator found that the record showed that Hamilton "looked for other jobs with [Sirius] before deciding to resign and take the severance being offered to him." (Award at 16 n.3).

SIRIUS SATELLITE RADIO INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HAMILTON'S PETITION TO VACATE AND IN SUPPORT OF ITS PETITION TO CONFIRM THE ARBITRATION AWARD

3

supplemental briefs were submitted, the parties provided the Arbitrator with copies of all the authorities cited therein. (*Id.* at 2-3). On or about August 13, 2004, the Arbitrator rendered an Award in favor of Sirius on Hamilton's FMLA claim. (*Id.* at 19-20). Just over two months later, Hamilton filed this petition.

### III.   ARGUMENT

From the Federal Arbitration Act's presumption in favor of enforcing arbitration awards, "[i]t follows . . . that the award is valid unless it is proven otherwise." *Wall Street Associates, L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 849 (2d Cir. 1994). To prove otherwise, a party must demonstrate that the case falls within one of the grounds prescribed by the Act or by the additional ground with which the Supreme Court has supplemented the Act: manifest disregard of the law. *See Hoeft v. MVL Group, Inc.*, 343 F.3d 57, 64 (2d Cir. 2003). It is manifest disregard of the law that Hamilton invokes here.

**A.   Because Hamilton's Petition is Nothing More Than a Motion for Reconsideration, it Must be Denied.**

A motion to vacate filed in a federal court "is not an occasion for *de novo* review of an arbitral award." *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004). This is especially true when a petitioner invokes the "manifest disregard of the law" standard. The Second Circuit has termed this standard "a doctrine of last resort," and review under it is "severely limited." *Id.*

By raising manifest disregard of the law, Hamilton bears the heavy burden of proving it. *See Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 209 (2d Cir. 2002). This is a "formidable" task. *Wedbush Morgan Secs., Inc. v. Robert W. Baird & Co.*, 320 F. Supp. 2d 123, 126 (S.D.N.Y. 2004).

SIRIUS SATELLITE RADIO INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HAMILTON'S PETITION TO VACATE AND IN SUPPORT OF ITS PETITION TO CONFIRM THE ARBITRATION AWARD

4

Hamilton has not met his burden. Review of his petition reveals that he has done nothing more than re-package the exact same arguments he made before the Arbitrator. The only difference between the brief he presented to the Arbitrator and this petition is that here, he summarily concludes that the Arbitrator acted in manifest disregard of the law. If a petition is "simply a challenge to the correctness of [an arbitration] decision," "[t]he law is clear that such a challenge will not lie and indeed is antithetical to the very nature and purpose of arbitration--to obtain an expeditious, efficient and definitive resolution of controversies." *Quick & Reilly, Inc. v. Jacobson*, 126 F.R.D. 24, 25-26 (S.D.N.Y. 1989) (footnote omitted). Because Hamilton has not done nothing more than submit a motion for reconsideration of the Arbitrator's Award, his petition must be denied.

**B.     Because Hamilton's Manifest Disregard of the Law Argument is not Based on the Facts Found by the Arbitrator, his Petition Must be Denied.**

Under the manifest disregard of the law standard, the parties are bound by the facts of the case "as those facts have been determined by the arbitrator." *Westerbeke*, 304 F.3d at 213. Hamilton, however, refuses to recognize this principle.

In his petition, as he did before the Arbitrator, Hamilton claims that on "the facts here," he has established constructive discharge. (Pet. at 16 & 19). The principle "fact" on which Hamilton relies in support of his argument is that in or about September 2001, he was offered the stark choice between "resigning in September 2001 with severance and being terminated before the end of the year when his job was eliminated." (Pet. at 20). His repeated insistence that this is a "fact" ignores that the Arbitrator expressly rejected it: "the Claimant was not faced with the option of

SIRIUS SATELLITE RADIO INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HAMILTON'S PETITION TO VACATE AND IN SUPPORT OF ITS PETITION TO CONFIRM THE ARBITRATION AWARD

5

either taking early retirement or being discharged." (Award at 17). Rather, based on Hamilton's own admissions, the Arbitrator found:

> According to the Claimant's own deposition testimony, in early September 2001, he was faced with four choices: 1) resign immediately and be paid severance through the end of November 2001; 2) remain employed by the Respondent while looking for a job with another company and receive severance through the end of November 2001 if he found a job and resigned before then; 3) remain employed by the Respondent until his position was eliminated, *most likely* at the end of the year; or 4) remain employed by the Respondent and *look for another position within the company*.

(Award at 16) (emphases added). Since, in effect, Hamilton's manifest disregard of the law argument turns his interpretation of the facts and not the Arbitrator's, his petition must be denied.[6]

### C. Because Hamilton Cannot Prove the Arbitrator Exhibited Manifest Disregard of the Law, his Petition Must Be Denied.

As noted above, Hamilton only seeks to vacate the Award on one ground: manifest disregard of the law. The Second Circuit has emphasized repeatedly that "review of an arbitration award for manifest disregard of the law is 'severely limited.'" *Wedbush*, 320 F. Supp. 2d at 126. Such a review is not "an inquiry into the correctness of the decision or a determination of whether the court would have reached the same conclusion." *In re Arbitration Between Space Systems/Loral, Inc. and Yuzhnoye Design Office*, 164 F. Supp. 2d 397, 404 (S.D.N.Y. 2001).

---

[6] In his desperation to escape his deposition admissions, Hamilton again resorts to repeating disputed, self-serving statements and libelous hearsay about Gaudino. This "evidence" should not be considered by the Court and should in fact be withdrawn by Hamilton. Notwithstanding any litigation privilege, pursuant to Federal Rule of Civil Procedure 11, "the requirement that the facts alleged have 'evidentiary support' requires, at a minimum, that there is reason to believe that, when all the facts are known, the Court will find that they support the relief requested." *Four Star Fin. Servs., L.L.C. v. Commonwealth Mgmt. Assocs.*, 166 F. Supp. 2d 805, 809 (S.D.N.Y. 2001). Here, as set forth in Sirius' reply brief, there is no reason to believe Hamilton can show that there was an investigation of Mr. Gaudino, and therefore, there is no reason to believe Hamilton can show that this would have had any effect on his voluntary resignation.

SIRIUS SATELLITE RADIO INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HAMILTON'S PETITION TO VACATE AND IN SUPPORT OF ITS PETITION TO CONFIRM THE ARBITRATION AWARD

6

Rather, a court's review of an arbitration award under the manifest disregard of the law standard "is highly deferential to the arbitral award." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003). To that end, "obtaining judicial relief for arbitrators' manifest disregard of the law is rare," *id.*, and "vacating an award for manifest disregard is appropriate only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent," *Wedbush*, 320 F. Supp. 2d at 127 (internal quotation marks omitted).

To find an arbitrator acted in manifest disregard of the law, a court must find *both* that "(1) the arbitrator[] knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrator[] was well defined, explicit, and clearly applicable to the case." *Wedbush*, 320 F. Supp. 2d at 126-27 (internal quotation marks omitted). Stated another way, the doctrine of manifest disregard of the law "holds that an [arbitrators] legal conclusions will be confirmed in all but those instances where there is no colorable justification for a conclusion." *Wallace*, 378 F.3d at 193.[7]

---

[7] Hamilton contends that notwithstanding the severely limited review of arbitration awards under the manifest disregard standard, the Second Circuit "has repeatedly recognized that the 'unique concerns' inherent in the federal employment statutes . . . have resulted in a more rigorous judicial review." (Pet. at 12 (citing *Wallace*, 378 F.3d at 192)). Hamilton's assertion is not supported by Second Circuit precedent.

In *GMS Group, LLC v. Benderson*, 326 F.3d 75 (2d Cir. 2003), the plaintiff argued that the Second Circuit's decision in *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818 (2d Cir. 1997), "hinted at" and its decision in *Halligan* "established a greater level of scrutiny under the manifest disregard standard for federal statutory claims" *GMS*, 326 F.3d at 78. *GMS* held that the plaintiff was wrong. The panel first addressed *DiRussa*: "If anything, . . . *DiRussa* hints at our reluctance to establish differing standards of review applicable to arbitration awards based on the nature of the underlying claims, or at least to engage in 'plenary review' of an award simply because it involves a federal statutory claim." *Id.* It then addressed *Halligan* and emphasized that in *Halligan*, the Second Circuit "ultimately did not address these questions" and that the "recitation of

SIRIUS SATELLITE RADIO INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HAMILTON'S PETITION TO VACATE AND IN SUPPORT OF ITS PETITION TO CONFIRM THE ARBITRATION AWARD

7

By no stretch of the imagination has Hamilton met this standard. He does not because he cannot; his reading of constructive discharge jurisprudence is simply wrong. Moreover, even assuming Hamilton's legal position was arguably correct, he cannot show that it was manifest disregard of the law for the Arbitrator to reject it. For both these reasons, his petition must be denied.

### 1. Contrary to Hamilton's assertion, the "governing" law is not well-defined in favor of his interpretation and therefore the petition must be denied.

The first step in analyzing any manifest disregard of the law challenge is to conduct an objective inquiry: whether the governing law alleged to have been ignored was "well defined, explicit, and clearly applicable." *Westerbeke*, 304 F.3d at 209; *see also Hoeft*, 343 F.3d at 68. According to Hamilton, there is a well-defined, explicit and clearly applicable line of constructive discharge cases "sometimes referred to as 'imminent discharge' cases." (Pet. at 2). Hamilton is wrong.

At the outset of his argument, Hamilton posits that the seminal "imminent discharge" case is the Seventh Circuit decision in *Equal Employment Opportunity Commission v. Chicago Hospitals*, 276 F.3d (7th Cir. 2002). Although *Chicago Hospitals* uses the term "imminent discharge," *Chicago Hospitals* does not establish or confirm any well-defined, explicit or clearly applicable line of "imminent discharge" cases.

---

the standard of review in *Halligan* mirrored the traditional standard" for manifest disregard of the law. *GMS*, 326 F.3d at 79.

SIRIUS SATELLITE RADIO INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HAMILTON'S PETITION TO VACATE AND IN SUPPORT OF ITS PETITION TO CONFIRM THE ARBITRATION AWARD

8

The dearth of "imminent discharge" cases is not surprising as Hamilton's assertion is based on a misreading *Chicago Hospitals*. *Chicago Hospitals* did not create a rule that constructive discharge is established where an employee *subjectively* believes he is at risk of losing his job. (Pet. at 16). In fact, after reciting the facts of the case, *Chicago Hospitals* expressly held that the plaintiff's work environment "in which her employer made reasonably clear to her that she had reached the end of the line--where 'the handwriting [was] on the wall' and the axe was about to fall--could have indeed been to a *reasonable employee* unbearable." *Id.* at 332 (emphasis added) (citation omitted). Thus, *Chicago Hospitals* does not support his premise.[8]

Nor do the early retirement cases he cites in an attempt to create a line of "imminent discharge" cases.[9] Although *Hebert v. The Mohawk Rubber Company*, 872 F.2d 1104 (1st Cir. 1989), provides an alluring reference to Greek mythology (Pet. at 17), it and the other early-retirement cases Hamilton cites require that to prove constructive discharge, plaintiffs must show their working conditions were objectively intolerable. (MSJ Reply at 5-6). As explained by one case, "a plaintiff who has accepted an employer's offer to retire can be said to have been constructively discharged when the offer presented was, at rock bottom, 'a choice between early retirement with benefits or discharge without benefits,' or, more starkly still, an 'impermissible take-it-or-leave-it choice between retirement or discharge.'" *Vega v. Kodak Caribbean, Ltd.*, 3

---

[8] To read any objective requirement out of the constructive discharge test is nonsensical. If this were the law, every plaintiff alleging constructive discharge in an early retirement case or an anticipated reduction in force could establish a *prima facie* case of discrimination.

[9] Interestingly, although Hamilton expressly directs the Court's attention to several early retirement cases (Pet. at 17-18), he also argues that *Mullins v. Pfizer, Inc.*, 828 F. Supp. 139 (D. Conn. 1993), *rev'd on other grounds*, 23 F.3d 663 (2d Cir. 1994), "is inapposite because this is not an early retirement case." (Pet. at 10).

SIRIUS SATELLITE RADIO INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HAMILTON'S PETITION TO VACATE AND IN SUPPORT OF ITS PETITION TO CONFIRM THE ARBITRATION AWARD

9

F.3d 476, 480 (1st Cir. 1993). The law regards such a situation "as the *functional equivalent of a discharge*" because, in effect, if the employees refused to retire, their resulting work situations would have been "so arduous or unappealing, or . . . *so intolerable*, that a reasonable person would [have felt] compelled to forsake [their] job[s] rather than to submit to looming indignities." *Id.* (emphases added).

Hamilton further fails to prove that as a matter of law "[t]he Second Circuit and the New York district court [sic] have recognized that [his] facts alone are sufficient to establish constructive discharge." (Pet. at 19). At issue in *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184 (2d Cir. 1987), the Second Circuit case Hamilton cites, was whether an employee was constructively discharged after that employee received an adverse performance review, was put on a 90-day "developmental program" and was told that "he would be fired at the end of the 90-day probationary no matter what he did to improve his allegedly deficient performance." *Id.* at 1188. *Lopez* held the employee raised a genuine issue of fact as to whether he was constructively discharge because a trier of fact might find that when an employer clearly expresses a desire that an employee resign, such a statement might force a reasonable employee to resign. *Id.* at 1188-89. Here, in contrast to the facts in *Lopez*, Hamilton was offered four choices.

*Dittman v. Ireco, Inc.*, 883 F. Supp. 807 (N.D.N.Y. 1995), the Northern District of New York case Hamilton cites is similarly inapplicable. *Dittman* concerned a reduction in force where the employee was told "that no positions were available . . . which were appropriate for [his] background and experience." *Id.* at 812. (*Compare* Award at 16 n.3 ("The record shows that the Claimant looked for other jobs with Respondent before deciding to resign and take the severance

SIRIUS SATELLITE RADIO INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HAMILTON'S PETITION TO VACATE AND IN SUPPORT OF ITS PETITION TO CONFIRM THE ARBITRATION AWARD

10

being offered to him.")). Further, at the time the *Dittman* employee was informed about the reduction in force, the employer's security guards took his keys and escorted him off the grounds. *See id.* at 812. Here, as discussed above, Sirius offered Hamilton four choices. Because, Hamilton cannot show that any well-defined, explicit or clearly applicable line of "imminent discharge" cases exists, his petition must be denied.

### 2. Because the Arbitrator's decision does not "strain credulity" and has more than a "colorable basis," the petition must be denied.

In his well-reasoned decision, the Arbitrator evaluated the cases cited by Hamilton and concluded that neither the Seventh Circuit or the Second Circuit has abandoned the "objectively intolerable" component of constructive discharge. (Award at 15). The Arbitrator distinguished all of the primary authority Hamilton relied on and found that Sirius was entitled to summary judgment on Hamilton's FMLA claim because he failed to adduce evidence that he was constructively discharged. (Award at 14).

Even if this Court believes the Arbitrator made the wrong decision as to the interpretation of the constructive discharge law, "[a] federal court cannot vacate an arbitral award merely because it is convinced that the [arbitrator] made the wrong call on the law." *Wallace*, 378 F.3d at 190; *Hoeft*, 343 F.3d at 69 (holding that a court is not at liberty to set aside an award "because of an arguable difference regarding the meaning or applicability of laws urged upon" the arbitrator). For Hamilton to prevail, this Court must find that the Award contains one of the "most egregious instances of misapplication of legal principles" it has ever seen. *Wallace*, 378 F.3d at 191. Based on the facts as found by the Arbitrator, it cannot.

SIRIUS SATELLITE RADIO INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HAMILTON'S PETITION TO VACATE AND IN SUPPORT OF ITS PETITION TO CONFIRM THE ARBITRATION AWARD

11

In the most colloquial terms, the cases cited by Hamilton stand for the proposition that constructive discharge turns on whether plaintiff was "fleeing from a stick" or "reaching for a carrot." *Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 975 (3d Cir. 1998). On Sirius' motion, it was incumbent on Hamilton to "come forward with evidence sufficient to create a genuine issue of material fact" on this issue and Hamilton "failed to do so." (Award at 13-14). Rather, the Arbitrator found that Hamilton was undisputedly reaching for a "carrot." As the Arbitrator set forth: Sirius "did not threaten to withhold a benefit to which [Hamilton] was entitled prior to being offered the opportunity to resign with severance. Instead, [Sirius] offered [Hamilton] a benefit to which he was not previously entitled, *i.e.*, severance pay." (Award at 17).[10]

Hamilton has not challenged the Arbitrator's finding that the severance was an extra benefit that Hamilton bargained for. (Award at 19). Despite this, Hamilton tries to do again what he first tried to do before the Arbitrator: have it both ways. Hamilton cannot continue to claim that the

---

[10]   Hamilton suggests briefly that because there was not a hearing on Sirius' motion, the Award can be vacated for manifest disregard of the law. (Pet. at 1 ("The arbitrator in this case . . . acted in manifest disregard of the law when he granted summary judgment dismissing . . . [Mr.] Hamilton's retaliation claim against his former employer . . . *without even a hearing*.") (emphasis added)). *See also* Pet. at 21 ("the arbitrator's decision to dismiss this case without giving Hamilton a hearing on the merits was in manifest disregard of the law"). Hamilton is wrong as to the legal standard under which to challenge the lack of a hearing—any claim concerning the lack of a hearing must be brought as a challenge to the fundamental fairness of the proceeding. *See British Ins. Co. of Cayman v. Water Street Ins. Co., Ltd.*, 93 F. Supp. 2d 506, 517 (S.D.N.Y. 2000). He is also wrong to the extent he is claiming that the Award must be vacated because there was no hearing. *See id.* ("Oral argument is not a necessary component of due process in all circumstances."); *id.* ("The lack of oral hearings does not amount to the denial of fundamental fairness required to warrant vacating [an] award.") (internal quotation marks omitted). Fundamental fairness requires only that the arbitrator's "decision to render a decision solely on documentary evidence is reasonable." *In re Arbitration of Cragwood Mgrs., L.L.C.*, 132 F. Supp. 2d 285, 289 (S.D.N.Y. 2001). As discussed herein, the Arbitrator's decision to rely solely on documentary evidence is reasonable.

SIRIUS SATELLITE RADIO INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HAMILTON'S PETITION TO VACATE AND IN SUPPORT OF ITS PETITION TO CONFIRM THE ARBITRATION AWARD

12

severance paid to him was an extra benefit and that his working conditions were so intolerable that he had no choice but to resign.

The Arbitrator properly concluded Hamilton had four choices in September 2001 and ultimately made the best choice for him. (Award at 16). Because when applied to an objective standard these facts support the Award, Hamilton's choice should remain intact, his petition must be denied and the Award confirmed.

## IV. CONCLUSION

For the reasons set forth above, Hamilton's Petition to Vacate the Arbitration Award must be denied, and the Award confirmed.

Dated:  November 12, 2004                     WINSTON & STRAWN LLP

_____
Jason Aschenbrand (JA 6741)
Jeffrey S. Bosley (application for *pro hac vice* pending)
Krista M. Enns (application for *pro hac vice* pending)

Attorneys for Respondent/Cross-Petitioner
Sirius Satellite Radio Inc.

SIRIUS SATELLITE RADIO INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HAMILTON'S PETITION TO VACATE AND IN SUPPORT OF ITS PETITION TO CONFIRM THE ARBITRATION AWARD

13

SF:96274.10